HAVERFIELD, Judge.
This is an appeal by South Florida Beaches Aircraft, Inc. from an adverse final summary judgment in favor of defendant, Canadian Aerocon, Ltd., in a breach of contract action.
South Florida Beaches Aircraft, Inc. filed a breach of contract action against Canadian Aerocon, Ltd., which manufactures aircraft parts, and alleged that it had entered into a written agreement with Raymond Wheeler, as agent for Canadian Aerocon, whereby plaintiff was given the exclusive right to sell “spar kits” (aircraft wing supports) in the South Florida area manufactured by Canadian Aerocon. Plaintiff further alleged that the agreement provided that it was subject to validation by Canadian Aerocon under separate cover and Canadian Aerocon ratified and accepted the agreement; that Canadian Aerocon subsequently breached the agreement by allowing Air Metal Company, Inc.[1] to also sell the “spar kits”. Canadian Aerocon answered and thereafter filed a motion for summary judgment with supporting affidavits to the effect that it had never ratified the agreement. Raymond Wheeler also filed an affidavit that he was never authorized to bind Canadian Aerocon, hence the proviso for validation under separate cover by Canadian Aerocon. Plaintiff filed two affidavits in opposition to the motion for summary judgment. After a hearing, the trial judge entered summary judgment for Canadian Aerocon. We affirm.
Validation under separate cover by Canadian Aerocon clearly was a condition precedent to the agreement. There being no such validation, the agreement never became effective. See 7 Fla.Jur. Contracts § 104 (1956) and Cf. Rork v. Las Olas Co., 156 Fla. 510, 23 So.2d 839, 842 (1945).
Next, Raymond Wheeler as per his affidavit was not authorized by Canadian Aero-con under his agency to enter into the subject agreement and thereby bind Canadian Aerocon. This fact is clearly gleaned from the provision in the agreement requiring the validation under separate cover.
Finally, there was no acceptance by acquiescence or inference because Canadian Aerocon not only shipped spar kits to plaintiff, but also to other dealers in Florida and, therefore, acted contrary to, not consistent with, the subject agreement purporting to make plaintiff the exclusive sales agent in Florida.
Summary judgment affirmed.

. South Florida Beaches Aircraft, Inc. also sued Air Metal Company, Inc. in the same action for tortiously interfering with its contractual relationship with Canadian Aerocon. However, summary judgment was only requested by and entered for Canadian Aerocon. Therefore, Air Metal Company is not a party to this appeal.